# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HOGAN LOGISTICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-1541 CAS |
| DAVIS TRANSFER COMPANY, INC., | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This closed diversity case is before the Court on defendant Davis Transfer Company, Inc.'s ("defendant" or "Davis") Motion to Set Aside Verdict and Grant New Trial pursuant to Rule 59(a)(1)(A), Federal Rules of Civil Procedure. Plaintiff Hogan Logistics, Inc. ("plaintiff" or "Hogan") opposes the motion and it is fully briefed. For the following reasons, defendant's motion will be denied.

## I. Background

Plaintiff Hogan originally filed suit against Davis in state court, asserting a claim for breach of contract arising from a 2013 Broker-Carrier Agreement (the "Agreement") entered into by the parties. Davis removed the case to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court denied Davis's motion for judgment on the pleadings, finding in pertinent part that the disputed term "traffic" as contained in the Agreement's Traffic Solicitation Clause was ambiguous as a matter of law, as each party offered plausible interpretations of its meaning. Mem. and Order of Apr. 27, 2017 (Doc. 32 at 6) (J. Jackson). Hogan filed an Amended Complaint that added claims for breach of the implied duty of good faith and fair dealing and tortious interference (Doc. 39), but later dismissed those claims leaving only the breach of contract claim in Count I (Doc. 75).

The Court denied defendant Davis's motion for summary judgment, concluding that the disputed Traffic Solicitation Clause was ambiguous, and therefore under Missouri law the parties' intent as to the meaning of the contract was a genuine issue of fact to be determined at trial. Mem. and Order of January 9, 2018 (Doc. 89 at 12-14).

Hogan's breach of contract claim was tried before a jury on February 26, 2018 through February 28, 2018. The jury returned a verdict in favor of plaintiff Hogan. Defendant Davis timely filed its motion for new trial, asserting that (1) the jury's verdict was against the weight of the evidence, and (2) the Court erred by refusing to give Davis's proposed jury instruction No. 34 on its estoppel defense.

## II. Legal Standard

"'[T]he granting or denial of a new trial is a matter of procedure governed by federal law.' Bank of Am., N.A. v. J.B. Hanna, LLC, 766 F.3d 841, 851 (8th Cir. 2014) (alteration in original) (quoting Brown v. Royalty, 535 F.2d 1024, 1027 (8th Cir. 1976))." Lincoln Composites, Inc. v. Firetrace USA, LLC, 825 F.3d 453, 459 (8th Cir. 2016). It is almost entirely within the discretion of the trial court whether to grant a new trial. See Fed. R. Civ. P. 59(a); Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000).

"A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). The key question is whether a new trial is required in order to avoid a miscarriage of justice. Fletcher v. Tomlinson, 2018 WL 3407069, at *6 __ F.3d __ (8th Cir. July 13, 2018) (quoted case omitted). "[A] new trial is only an appropriate remedy when an aggrieved party proves prejudice, meaning that the result at trial would have been different if not for the district court's error." Acuity v. Johnson, 776 F.3d 588, 596 (8th Cir. 2015) (citations omitted).

**III. Discussion**

  A.  <u>The Verdict Was Not Against the Weight of the Evidence</u>

 The jury in this case was instructed to determine the parties' intent with respect to the meaning of the ambiguous Traffic Solicitation Clause and, in particular, the meaning of the term "traffic" in the parties' Agreement. Defendant Davis argues that while it submitted evidence, including Hogan's email and industry expert testimony, to support its interpretation of the disputed term "traffic," plaintiff Hogan offered no objective evidence of industry custom and usage to support its interpretation of the term, and presented only the subjective interpretation of its non-retained expert, Benjamin Strickler. Davis argues that the jury's verdict was against the weight of the evidence because Mr. Strickler's testimony was conjectural and self serving, and had no connection to actual trade custom and usage.

 "[T]he granting or denial of a new trial is a matter of procedure governed by federal law." <u>Bank of Am., N.A. v. J.B. Hanna, LLC</u>, 766 F.3d 841, 851 (8th Cir. 2014) (alteration in original) (quoted case omitted). "A district court abuses its discretion in denying a motion for new trial based on sufficiency of the evidence 'if the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice.'" <u>Lincoln Composites</u>, 825 F.3d at 459 (quoted case omitted). In determining whether a verdict is against the weight of the evidence, a court "can rely on its own reading of the evidence—it can 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" <u>White v. Pence</u>, 961 F.2d 776, 780 (8th Cir. 1992) (quoted case omitted). Nonetheless, in making such a determination, a court "may not usurp the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable." <u>Manus v. American Airlines, Inc.</u>, 314 F.3d 968, 973 (8th Cir. 2003) (quoted case omitted).

In a diversity action such as this, "whether the jury's verdict was against the great weight of the evidence is judged in accordance with substantive state law." Bank of Am., 766 F.3d at 851. Here, the Court applies the substantive law of the forum state, Missouri. See Lincoln Composites, 825 F.3d at 459. To establish its breach of contract claim, Hogan was required to prove by a preponderance of the evidence the following essential elements: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." Keveney v. Missouri Military Acad., 304 S.W.3d 98, 104 (Mo. 2010) (en banc).

Davis's arguments do not establish that Hogan failed to prove the elements of its case. Davis fails to recognize that both Mr. Strickler and its own president, Mr. Davis, testified as non-retained experts in the broker-carrier transportation field. Mr. Strickler's testimony, as supported by the testimony of Davis's witnesses Katherlin Wall and Rick Fenner, was sufficient to support Hogan's interpretation of the term "traffic" as used in the parties' Traffic Solicitation Clause. Hogan was not required to offer a retained expert to testify concerning the industry meaning of the term in order to prove the parties' intent as to the meaning of the contract.

Davis argues that Hogan's definition of "traffic" is contrary to the holding of Alliance 3PL Corp. v. New Prime, Inc., 614 F.3d 703 (7th Cir. 2010). Although Alliance supports Davis's position, the opinion is not binding on this Court and is distinguishable, because it is a Seventh Circuit precedent that applied Illinois law. Davis also argues that Hogan's definition of "traffic" is contrary to Missouri public policy against expansive enforcement of restrictive covenants, but the cases it cites concern employee non-compete agreements, in contrast to the arms-length agreement between two sophisticated business entities at issue in this case. See Whelan Sec. Co. v. Kennebrew, 379 S.W.3d 835, 841-42 (Mo. 2012) (en banc); Healthcare Servs. of the Ozarks, Inc. v. Copeland, 198 S.W.3d 604, 610 (Mo. 2006) (en banc). Even in the employer-employee context,

4

"Missouri courts generally enforce a non-compete agreement if it is demonstrably reasonable." Whelan, 379 S.W.3d at 841; Healthcare Servs., 198 S.W.3d at 610 (same).

The Court is mindful that it "may not usurp the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable," Manus, 314 F.3d at 973, and applying the standards set forth above does not find that a miscarriage of justice occurred as a result of the jury's verdict.

B. Refusal to Give Davis's Jury Instruction on Estoppel Defense

Defendant Davis's second point in support of its new trial motion is that the Court erred in refusing to give Davis's proffered Instruction No. 34 on its estoppel defense.[1] Davis argues that the Court's denial of Hogan's motion for judgment as a matter of law on its estoppel defense cannot be logically reconciled with its refusal to instruct the jury on the defense. Without offering any citation to the record or otherwise identifying the specific evidence it presented at trial, Davis states that it presented evidence on the defense and asserts that absence of the instruction prejudiced it, misled the jury that the defense had been effectively dismissed at trial, affected its substantive rights to assert the defense, and probably affected the verdict.

In its reply memorandum, Davis states that its estoppel defense was based on evidence that Hogan's Mr. Strickler misled its president, Todd Davis, into believing that Davis could solicit business from its former customer Imperial Sugar without penalty, as expressed in Mr. Strickler's email of July 15, 2009. Davis's briefing on this point does not cite any legal authority with respect to equitable estoppel, when an equitable estoppel affirmative defense instruction may be given, or the proper wording of such an instruction.

---

[1] The Court notes that Davis submitted thirty-seven proposed jury instructions, an unusually large number for a defendant in a one-count breach of contract case.

"In diversity cases, federal law governs the decision as to whether the evidence warrants instructing the jury on a particular topic while state law controls the substantive content of the instructions that are given." Hoselton v. Metz Baking Co., 48 F.3d 1056, 1062 n.9 (8th Cir. 1995). For the Court to order a new trial, Davis must have suffered prejudice due to the denial of the proposed instruction. American Family Mut. Ins. Co. v. Graham, 792 F.3d 951, 958 (8th Cir. 2015). "The court abuses its discretion only when the omitted instruction: (1) correctly states the applicable law; (2) addresses matters not adequately covered by the charge; and (3) involves a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case." Id. (brackets, quotation marks, and quoted cases omitted).

Davis's proposed Instruction No. 34 read as follows:

INSTRUCTION NO. _____

Your verdict must be for Defendant Davis Transfer if you believe the Defendant was deceived or misled by Hogan Logistics into believing the Traffic Solicitation Clause did not apply due to Davis Transfer's earlier business relationship to Imperial Sugar; and that Davis Transfer reasonably relied on and acted on the deceptions to its detriment, believing they were true, by executing, continuing to perform, and refraining from unilaterally terminating the 2013 Agreement with Hogan.

*Originally Defendant's proposed instruction No. 34 - Revised*

*Finova Capital Corp. v. Ream, 230 S.W.3d 35, 50 (Mo. Ct. App. 2007).*

(Doc. 136 at 4.)

Under Missouri law, equitable estoppel requires three elements: "[F]irst, an admission, statement or act inconsistent with a claim afterwards asserted and sued upon; second, action by the other party on the faith of such admission, statement or act; and third, injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act." Peerless Supply Co. v. Industrial Plumbing & Heating Co., 460 S.W.2d 651, 665-66 (Mo. 1970).

Equitable estoppel is an affirmative defense and the burden of proof is on the party asserting it. Id. at 666. "Every fact essential to create it must be established by clear and satisfactory evidence." Id. "The doctrine should be applied with great care and caution in each case, and only when all elements constituting an estoppel clearly appear." Id. (quotation marks and citations omitted). Significantly, "[t]he conduct or writing on which reliance is placed must be absolute and unequivocal, and must be certain to every extent, for mere argument, inference or intendment cannot support an estoppel." Id. at 667 (quoted case omitted). "If the admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped it forms no estoppel." Id.

Here, Mr. Strickler testified that his email was sent in the context of Mr. Davis's original question, which was how the Traffic Solicitation Clause would apply if Hogan lost its business relationship with Imperial Sugar. The email concerned the parties' 2009 Agreement, and was sent four years before execution of the 2013 Broker-Carrier Agreement that is the subject of this case. The language of the email is equivocal and open to interpretation, as demonstrated by the parties' conflicting evidence and arguments as to its meaning. As such, Davis did not establish the first element of estoppel, an admission, by clear and satisfactory evidence. The Court permitted Davis to present evidence concerning Mr. Strickler's email and to argue to the jury about its meaning and effect to support Davis's interpretation of the Traffic Solicitation Clause's meaning and intent, but Davis did not meet its burden to establish that it was entitled to an instruction on equitable estoppel under applicable Missouri law.

Further, Davis's proffered Instruction No. 34 did not correctly state the applicable law, as it appeared to combine elements of fraudulent misrepresentation and equitable estopped. It was not a Missouri Approved Instruction (MAI), as would be appropriate for a Missouri state law claim, see Holmes v. Slay, 2018 WL 3358080, at *6, __ F.3d __ (8th Cir. July 10, 2018). Also, the sole case

7

Davis cited as authority for its proposed non-MAI instruction did not involve jury instructions and its general statements of law concerning estoppel do not support Davis's estoppel defense under the circumstances of this case. See Finova Capital Corp., 230 S.W.3d at 50-51.

A non-MAI instruction must follow substantive Missouri law and include the ultimate facts necessary for recovery under the theory in the instruction. Johnson v. Auto Handling Corp., 523 S.W.3d 452, 463 (Mo. 2017) (en banc). Here, Davis's proposed Instruction No. 34 did not correctly state the applicable law or meet the required criteria for non-MAI instructions. As such, Davis does not establish that a new trial is warranted based on the Court's refusal to submit its equitable estoppel instruction to the jury.

## IV. Conclusion

For the foregoing reasons, defendant Davis Transfer Company's motion to set aside the verdict and grant a new trial will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Davis Transfer Company, Inc.'s Motion to Set Aside Verdict and Grant New Trial is **DENIED**. [Doc. 150]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of July, 2018.